**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Mary Ann Whipple
United States Bankruptcy Judge

Dated: April 17 2012

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 11-36294 |
| | ) | |
| William A. Venable and Laura R. Venable, | ) | Chapter 7 |
| | ) | |
| Debtor(s). | ) | |
| | ) | JUDGE MARY ANN WHIPPLE |

### ORDER RE REAFFIRMATION AGREEMENT

This case is before the court upon Debtors' Reaffirmation Agreement with Sterling Jewelers, Inc. dba Jared Galleria of Jewelry ("Reaffirmation Agreement") [Doc. #25][1] relating to a debt for $2,653.35 at 21% interest secured by "miscellaneous jewelry."

Part D of the form shows a presumption of undue hardship that was not rebutted in writing to the satisfaction of the court on the form or otherwise in writing on the record of the case. The court therefore scheduled a hearing for April 12, 2012, to address whether the presumption could be rebutted to the satisfaction of the court. Debtor William A. Venable and Attorney for Debtors appeared in person at the hearing on April 12, 2012.

For the reasons stated on the record by the court at the hearing, in addition to the nature of the

---

[1] There are two Reaffirmation Agreements filed by this creditor. The only difference appears to be a lower monthly payment amount of $73.70 at Doc. #25 than the $83.83 at Doc. # 24. At the hearing it was clarified that they are not two separate agreements, and that Doc. #25 just amends Doc. #24. Thus, there is only one Reaffirmation Agreement before the court, the document at Doc. #25, which is treated for all purposes as amending and superseding Doc. #24.

collateral, Debtors have not rebutted the presumption of undue hardship to the satisfaction of the court, as monthly payments on the reaffirmed debt are $73.70 for three years and Debtors' budget shows a monthly shortfall of $52.00 after the proposed payments on the reaffirmed debt are added to expenses. Counsel confirmed at the hearing that the jewelry in issue was wedding and engagement rings, reported on the Reaffirmation Agreement as originally purchased for $6,211.754.

Debtor William Venable earns substantial income from employment. Ms. Venable is a student without earned income and a monthly child support payment receipt of $468.72. However, they also have substantial expenses for necessities. Notwithstanding that the "miscellaneous jewelry" is wedding jewelry, the court does not construe it as a necessity for maintenance and support of Debtors and their dependents. Debtors report on Schedules I and J a household size of seven, with five children ages 14, 11, 9, 3 and 5 months. The means test form reports a household of 6 persons. Their household food budget, scheduled at $800 per month and which the Reaffirmation Agreement says they will reduce to pay for the jewelry, appears understated. Mr. Venable has a very large non-dischargeable monthly child support obligation of $3,973.00 that consumes nearly half of the family's monthly net income and expenses. Indeed, counsel reported at the hearing that he is now seeking to have it reduced in state court. Simply put, however, if Debtor cannot afford child support he cannot afford jewelry, whatever its purpose. While $73.70 per month does not sound like much, it will still require three years of payments at a high interest rate and adds up to $884 per year, which is more than a month of the family's reported food budget, more than a month's mortgage payments and more than three months of reported basic transportation expenses. And Debtors' Schedule F lists extensive consumer credit card debt, including joint or individual debts to Best Buy, Culligan Water, Dell Computer, Kohls, Lowes, Home Depot, Sears, Sony, Target, a veterinarian, and medical providers, strongly suggestive of an inability to keep up with necessities out of existing income before the commencement of this case. The instant creditor is not scheduled. There is also a child support arrearage of $11,298.00 reported on Schedule E. The court is not persuaded when child support payments cannot be maintained and medical expenses paid that Debtors can pay for all of the necessities required by this large blended family and still find the extra $52 a month required to continue to pay for jewelry.

**IT IS THEREFORE ORDERED** that the Debtors' Reaffirmation Agreement with Sterling Jewelers Inc. dba Jared Galleria of Jewelry [Doc. # 25] is disapproved as an undue hardship under 11 U.S.C. § 524(m). [2]

---

[2]Nothing herein prohibits voluntary repayment of this (or any other) debt, which is permitted by the Bankruptcy Code. 11 U.S.C. § 524(f).